# IN GENERAL TERM, 1873.

THE TERRE HAUTE &c., RAILROAD COMPANY *v.* THE BOARD OF COMMISSIONERS OF MARION COUNTY, Appellant.

RAILROADS—*assessment of, for taxes*—
TAXES—*assessment, when valid.*

In a suit to enjoin the collection of taxes under Act of 1865, entitled, "An Act to secure a just valuation, and taxation of all railroad property within the State," &c.

*Held:* That under this act there are but two instances in which separate pieces of railroad property can be listed, and taxed upon their value as pieces of property; one is where the property held by the railroad

Railroads *v.* The Board of Commissioners of Marion County.

company is needed and used for railroad purposes: the other is where the assessment is made by a town or city, of railroad buildings, fixtures, and machinery connected therewith, within its limits.

In all other cases the individual pieces of property cannot be assessed, but their value is considered within the other facts enumerated in Section 2 of the act, in estimating the value of the road upon which the assessment is to be made, and are to be deemed "to be embodied in the taxes by the mile of the road."

Taxes, to be valid, must be assessed pursuant to the law authorizing them; the court cannot legalize an illegal assessment, nor make a new one.

*Barbour & Jacobs*, for appellant.

*Hendricks, Hord & Hendricks*, for appellee.

PERKINS, J.—Suit by the Railroad Companies named below, against the Commissioners, and Treasurer of Marion county, instituted pursuant to the following agreement, to enjoin the collection of the taxes therein mentioned.

WHEREAS, There appears among other advertisements for delinquent taxes, the following:

Union Railway Company, No. 14,140, depot, tracks, etc., north part square 96, value $60,000 ; value of improvements, $65,000; value of lot and improvements, $125,000; total value of taxables, $125,000 ; amount of delinquent tax, penalty, and interest, $1,537; amount of tax for the current year, $1,775 ; cost of advertising, 60 cents ; total amount of taxes due, $3,312.60. And, whereas, it is proposed, by the proper county officers of Marion county, Indiana, on this day to sell said described property to pay said total sum; and, whereas, the owners of said property, to wit: The Jeffersonville, Madison & Indianapolis Railroad Company ; The Terre Haute & Indianapolis Railroad Company ; The Indianapolis, Cincinnati & Lafayette Railroad Company ; The Cleveland, Columbus, Cincinnati & Indianapolis Railway Company, and the Columbus, Chicago & Indiana Central Railway Company, denying that said property, or any of it is liable

to said tax, or any part thereof, and propose to the Board of Commissioners of Marion county, that said sale shall not be made, and that the question of validity of said tax shall be determined by such legal proceeding as shall be determined upon, hereafter by council of proper parties, and said Commissioners have agreed to said proposition.

In consideration of all of which it is agreed, by said county on the one part, and by said railroad companies by Dillard Ricketts, and Edward King, on the other part, that said suit shall be instituted in one of the Courts of Marion county, to determine whether said taxes, or any part of them is valid, and either party may appeal therefrom to the Supreme Court, and whatever amount of said tax is adjudged a valid tax upon said property, or any part thereof, said companies agree to pay.

It is further agreed that the Court, in determining the question of the validity of the tax, or the liability of any company to pay, shall not be restricted merely to the liability of the Union Railway Company, or any, or all of the companies above named; but it is agreed that, if any railroad company shall be liable for said tax, or any part thereof, that the said railroad company adjudged liable therefor, shall pay the same.

Whenever suit is commenced, the proper defendants shall enter an appearance, and submit to a rule to plead within ten days.

It is further agreed that the companies named, or some of them, shall within three months, execute, or procure to be executed, such bond to the satisfaction of said Board of Commissioners, or Barbour, Jacobs & Smith, or either of them, as will secure a compliance with this contract.

(Signed,)                                    EDWARD KING,
                                             D. RICKETTS.

Dated, this 6th day of February, 1871.

The Court, in Special Term, perpetually enjoined the collection of the taxes specified above.   The following facts are all that are material in the decision of the cause.   The property on which the taxes, sought to be enjoined, were assessed, is railroad property, used for railroad purposes, and the taxes were assessed upon the lands and improvements in the same manner as the property of natural persons is assessed.   The assessment was made, it is presumed, by the County Treasurer, the property not having been reported by the railroad companies, or either of them, to the County Assessor, nor considered by him, in valuing the railroads.

Was the assessment legally made? is the question.   It will not be necessary for us, in the view we take of the case, to inquire whether the taxes were assessed by an officer having power to make an assessment in any contingency, or upon the proper railroad company, as we have come to the conclusion that the tax was not assessed in a legal manner, not upon a legal basis, by any officer, upon any company. The assessment of the taxes in question was controlled by the act of 1865, (3 Statute by Davis, p. 418), and to be legal, must be conformable to that act.

The act is entitled, " AN ACT to secure a just valuation and taxation of all railroad property within this State," &c.

The following sections of the act prescribe the basis, and manner of taxing railroad property:

" SECTION 1. That all railroad companies, having the whole, or any portion of their lines of railroad within this State, shall, on or before the first Monday in April, eighteen hundred and sixty-nine, and on the first Monday in April thereafter, in such years in which there shall be a general appraisement of the real property of the State, furnish to the appraiser of each county through which their respective roads may run, a written statement of the length of the line of such roads within his county, and also a statement of all the

machine shops, depots, depot grounds, rolling machinery, and other property of such company, used by it in doing the business thereof, within this State, and of the gross earnings; and also the average net earnings of said road, over and above the current necessary expenses in transacting its business, and for repairs during the five years immediately preceding such statement, which shall be verified by the oath, or affirmation of the proper officer of such company making such statement.

SEC. 2. The appraisers of the counties through which such roads may run, if through more than one county, shall, within thirty days after such Monday in April, meet at such time and place on the line of such roads as shall be designated by the Auditor of State, or if he fails to designate, and notify said appraisers of such time and place of meeting, within twenty days after such first Monday in April, then, at such time, and place as a majority of such appraisers shall designate; and said appraisers, or a majority of them, shall ascertain and appraise the value of said road per mile, by first making a valuation of the said railroad, and all its fixed property, situate within this State, including all its depots, depot grounds, machine shops, and other buildings erected thereon, and such proportion of the rolling stock, and movable property used in operating the whole road, if part thereof is without this State, as the length of the railway in this State bears to the entire length thereof, within and without this State; and in estimating the entire value of said railroad, and its equipments, the appraisers shall take into consideration its location for business, the competition of other transportation routes by rail, or by water, its earnings, expenses and repairs, the then present condition of its roadway, and equipments, and its value as an investment, without reference to its cost, or indebtedness; *provided*, that all lands owned, or held in trust, by any railroad company, and not

actually needed, or used in operating the road, shall be assessed for taxation, and the taxes collected, in the counties where they may be situated, in the same manner as taxes are assessed and collected on the lands of natural persons, and the County Auditor shall apportion such valuation of such railroad for county and township purposes, according to the length of such road through such county, or township.

SEC. 3. The appraisers, after making the valuation as aforesaid, shall then apportion, by the mile, the whole value of the railroad and its equipments, thus ascertained, and estimated, to the counties, respectively, in proportion to the length of road in each county through which it runs, and such value by the mile, shall be the basis for the assessment of all taxes levied by State, county, and township authority, through which such road passes, according to the rate of taxation for other property.

SEC. 4. Authorizes the appraiser to make the statement required in the first section, if not furnished by an officer of the company.

SECS. 5 and 6 are not material to the decision of this cause.

SEC. 7. The cities, and incorporated towns, through, or into which a railroad may pass, may assess any railroad building, fixtures, and machinery connected therewith, within the city, or town limits, on the same basis, and in the same manner that the like property of natural persons is assessed ; and collect the taxes thereon as other taxes are collected; but the rolling machinery used in operating the road shall be deemed to be embodied in the taxes by the mile."

An analysis of this statute shows that there are but two instances in which separate pieces of railroad property can be listed, and taxed upon their value as pieces of property. One, is where the property held by the railroad company is not needed, and used for railroad purposes. The other, is

where the assessment is made by a town, or city of any railroad building, fixtures, and machinery connected therewith, within its limits.

In all other cases, the individual pieces of property cannot be assessed, but their value is considered, with the other facts enumerated in section two of the act, in estimating the value of the road upon which the assessment is to be made, and are to be deemed, in the language of the statute "to be embodied in the taxes by the mile" of the road..

The taxes in this case, then, no matter by whom assessed, or upon what road, were illegally assessed, and the assessment is void; and the Court cannot legalize that assessment, nor make a new one, because it has not before it, and cannot probably obtain the data required by section two of the act, as the basis on which the assessment is required by the statute to be made, even if it would, in that event, have the power to make it. Taxes, to be valid, must be assessed pursuant to the law authorizing them.

The judgment at Special Term must be affirmed.